UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 2:25-11756 RAO Date: September 17, 2026
Title: Dmytro Morhun v. State Farm Automobile Insurance Company et al.

---

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS (JS-6)**

On December 11, 2025, Defendant State Farm Mutual Automobile Insurance Company ("Defendant") removed a state court complaint filed by Plaintiff Dmytro Morhun ("Plaintiff") in the Los Angeles County Superior Court to federal court. Dkt. No. 1.

On January 16, 2026, the Court granted Defendant's motion to dismiss with leave to amend and directed the parties to meet and confer regarding a stipulated remand.[1] Dkt. No. 13. The Court set a deadline for Plaintiff to file an amended complaint if the parties were unable to stipulate to a remand. *Id.*

On March 17, 2026, the Court issued an order to show cause, directed to Plaintiff, as to why the action should not be dismissed for failure to prosecute and comply with a court order. Dkt. No. 14.

On April 13, 2026, Defendant filed a Notice of Settlement, indicating that the parties anticipated filing a joint dismissal within 60 days. Dkt. No. 15. On April 14, 2026, the Court directed the parties to file dismissal papers by June 12, 2026, and vacated all case deadlines and hearings. Dkt. No. 16.

---

[1] This case is proceeding before the undersigned magistrate judge pursuant to this district's Direct Assignment of Civil Cases to Magistrate Judges Program and the expiration of the deadline for the parties to opt out of consenting to the magistrate judge. *See* Dkt. Nos. 5, 7, 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 2:25-11756 RAO | Date: | September 17, 2026 |
| Title: | Dmytro Morhun v. State Farm Automobile Insurance Company et al. | | |

The parties did not file dismissal papers by June 12, 2026. On July 13, 2026, the Court issued an order directing the parties to file dismissal papers or a joint status report with an estimate of when the parties will file dismissal papers by July 27, 2026. Dkt. No. 17.

On July 27, 2026, Defendant filed a status report indicating that Defendant's counsel sent emails to Plaintiff's counsel on five occasions in June and July 2026 regarding the settlement and complying with the Court's orders but had not heard back from Plaintiff's counsel. Dkt. No. 18.

On July 28, 2026, the Court issued an order to show cause ("OSC") directed to Plaintiff as to why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") for failure to prosecute and comply with court orders. Dkt. No. 19. The Court set a deadline of August 11, 2026, for Plaintiff to respond to the OSC. *Id.* The Court warned Plaintiff that failure to timely respond to the OSC would result in dismissal of the action without prejudice. *Id.*

To date, Plaintiff has not filed a response to the July 28, 2026 OSC, and the parties have not filed dismissal papers.

Rule 41(b) grants district courts authority to dismiss actions for failure to comply with court orders or for failure to prosecute. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). District courts may exercise their inherent power to control their dockets by imposing sanctions, including, where appropriate, the dismissal of a case. *Ferdik*, 963 F.2d at 1260. A court must weigh five factors when determining whether to dismiss an action for failure to prosecute or failure to comply with court orders: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the Court has weighed all relevant factors and finds that dismissal of this action without prejudice is appropriate. Plaintiff's counsel failed to respond to court orders and has not responded to Defendant's attempts to finalize the parties' settlement. The Court warned Plaintiff that the case would be dismissed without prejudice if Plaintiff did not respond to the July 28, 2026 OSC, yet Plaintiff has not responded. Further delay will prejudice Defendant and impede the expeditious resolution of the matter and the Court's ability to manage its docket. While the public

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 2:25-11756 RAO | Date: | September 17, 2026 |
| Title: | Dmytro Morhun v. State Farm Automobile Insurance Company et al. | | |

policy favoring disposition of cases on their merits almost always weighs against dismissal, Plaintiff has precluded disposition on the merits by failing to respond to Defendant's attempts to finalize settlement. The Court will dismiss the action without prejudice as a less drastic sanction than dismissal with prejudice, but other less drastic alternatives are not available in light of Plaintiff's failure to participate in this action.

**The Court dismisses the action without prejudice and directs the Clerk to terminate the case.**

**IT IS SO ORDERED.**

______ : ______

Initials of Preparer cd